IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. CRANE, | ) | No. C 13-02937 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| M. S. EVANS, et. al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner at Corcoran State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that on March 20, 2008, "the Defendant" had him placed in ad-seg based on "false non existent [*sic*] offense." (Compl. at 3.) Then on September 15, 2008, Defendants Evans and Hatton transferred Plaintiff to High Desert State Prison "in retaliation for suing them in Federal Court." (Id.) Plaintiff claims that since September 16, 2008, he has been "subjected to extreme cruel and unusual punishment and set-up to be assaulted, and assaulted by guards on 3/1/13" and that "[o]n 1/16/13, set-up for attempted murder." (Id.) Plaintiff also claims that he has contracted Hepatitis C and B, and a large tumor in his neck. (Id.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff fails to allege sufficient facts to show the fourth and fifth elements for a retaliation claim against Defendants Evans and Hatton. He shall be given an opportunity to amend this claim to show all five basic elements for a retaliation claim.

Plaintiff's allegations of "cruel and unusual punishment" and "set-up[s]" for various offenses and assaults are insufficient to state a claim because he has failed to identify the specific individuals by name and describe how each violated his rights. He

shall be given an opportunity to amend these claims. Plaintiff is advised that in amending any claims, he must state sufficient facts, e.g., date, location, and specific acts, to allow the defendants to defend.

Lastly, Plaintiff identifies Acting Warden Foulk of High Desert State Prison and Governor Brown as defendants in this action. (Compl. at 2.) However, he has failed to allege any specific facts of wrongdoing against him by these defendants. Furthermore, Plaintiff is advised that any acts complained of that occurred in High Desert State Prison, which is located within Lassen County, should be filed as a separate action in the Eastern District of California where venue properly lies. See 28 U.S.C. § 1391(b). Accordingly, defendants Foulk and Brown are DISMISSED without prejudice from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "FIRST AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 13-02937 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 11/12/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal With Leave to Amend
G:\PRO-SE\EJD\CR.13\02937Crane_dwlta.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD CRANE,

        Plaintiff,

  v.

M. S. EVANS, et al.,

        Defendants.

Case Number: CV13-02937 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/13/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard J. Crane C-44519
State Prison Corcoran
P. O. Box 5242
Corcoran, CA 93212

Dated: 11/13/2013

                                        Richard W. Wieking, Clerk
                                      /s/By: Elizabeth Garcia, Deputy Clerk